United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41342
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERTO GAMBOA-FIERRO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-225-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Roberto Gamboa-Fierro appeals from his guilty-plea
conviction for illegal reentry following deportation.  For the
first time on appeal, Gamboa-Fierro argues that the "felony" and
"aggravated felony" provisions of 8 U.S.C. § 1326(b) are
unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466
(2000).  Gamboa-Fierro concedes that this argument is foreclosed
by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See
United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Also for the first time on appeal, Gamboa-Fierro argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. See United States v. Booker, 125 S. Ct. 738, 756 (2005). Gamboa-Fierro acknowledges that this argument is reviewed for plain error, but argues that he does not have to show that the district court's error affected his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Gamboa-Fierro under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Gamboa-Fierro fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)(No. 05-5535).

AFFIRMED.